## LEVI LENTZ, Appellant, v. WALTER W. JOHNSON, Respondent.

### Kansas City Court of Appeals, May 29, 1911.

INJUNCTION: Obstructing Ditch: Failure of Proof. In a proceeding by injunction to restrain defendant from obstructing a certain ditch, where the petition alleged that plaintiff, and the then owner of the lands adjoining plaintiff's, entered into an agreement to cut a ditch from plaintiff's land and on through the adjoining land, but where plaintiff entirely failed to prove the alleged agreement as to the ditch in controversy, he was not entitled to recover.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*J. D. Shewalter* and *W. H. Carmody* for appellant.

*L. T. Dryden* and *George T. Purcell* for respondent.

BROADDUS, P. J.—This is a proceeding by injunction to restrain defendant from obstructing a certain ditch.

The plaintiff was and is the owner of the northeast quarter of the northeast quarter of section 15, township 50, range 31, Jackson county, Missouri, and Mary E. Arnold is the owner of adjoining land; and the defendant Walter Johnson is her tenant and in possession of her said land.

The allegations of the petition are that in the spring of 1896 he and John T. Smith, the then owner of the Arnold land, entered into an agreement to cut a ditch from the plaintiff's land and on through the lands of the said Smith for the purpose of drainage of said lands; that in pursuance of section 4490, Revised Statutes 1889, which authorized such ditches the plaintiff and said Smith did cut said ditch through a part of plaintiff's land and the land of said Smith; that plaintiff has enjoyed the benefit of said ditch in draining his said land from said date until in June, 1908, when the same was wrongfully obstructed by defendant, the tenant of the said Mary E. Arnold.

R. L. Philips a witness for plaintiff, and who was a tenant of Smith at the time, testified that the ditch was laid out and dug by the direction of said Smith. Plaintiff was present at the time and helped to dig the ditch. He does not refer to any agreement whatever between plaintiff and Smith in reference to the ditch.

Plaintiff's testimony was that: "Me and Philips and Hupman dug the ditch. They were renters and paid part of the crop. Mr. John T. Smith was there and showed where to commence at the Blue and showed what direction to go on the farm."

There was a conflict in the evidence as to whether defendant had obstructed the ditch to prevent the flow

of water therein. It was shown that defendant placed some rocks therein for the purpose of making a farm crossing. The main ditch was entirely on the land of Mary E. Arnold. The plaintiff's land was drained by lateral drains leading from his land to the ditch. The greater number of witnesses testified that the obstruction interfered with the flow of the water in the ditch, but defendant who was a civil engineer testified that it did not do so.

The court upon hearing the evidence denied the injunction and dismissed the petition and plaintiff appealed.

The plaintiff having entirely failed to prove the alleged agreement as to the ditch in controversy he was not entitled to recover. As to what view the court took as to whether defendant had in fact materially obstructed the flow of the water in the ditch, we are not advised. As plaintiff was not entitled to recover on his proof we will not undertake to discuss that question. The judgment is affirmed. All concur.